IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JASON DALE COLE & CRYSTAL FAYE CHESSER, *Defendant.* | Case No. CR-24-80- RAW |

## UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO 404(b) NOTICE

COMES NOW the United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Michael E. Robinson, and hereby submits this response to Defendant Cole's Objection to Rule 404(b) Notice (Doc. No. 112) ("hereinafter Defense Motion"). On November 4, 2024, the United States gave notice of its intent to offer evidence under Rule 404(b). The acts are (1) Defendant Cole possessing firearms on his home surveillance camera in August 2023 and October 2023; (2) Defendant Cole's prior conviction for Possession of Firearm after Former Felony Conviction; (3) Testimony that law enforcement seized over 240 lbs. of ammunition during the search of Defendant Cole's premises on November 18, 2023; and (4) testimony that Defendant Cole received two videos of a man shooting a pistol that had been converted into a machine gun on October 19 and October 24, 2023.

## FACTS

1. On May 15, 2024, the Grand Jury returned a ten-count Indictment against Defendant Cole charging him with Possession with Intent to Distribute Methamphetamine (Counts 1 and 5), Possession of a Machine Gun (Count 2), Felon in Possession of a Firearm (Counts 3 and 8), Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime (Counts 4 and 9),

Possession with Intent to Distribute Marijuana (Count 6), Possession of an Unregistered Firearm (Count 8), and Maintaining a Drug Involved Premises (Count 10). The charges stem from a search of Defendant Cole's premises on November 18, 2023, after Defendant Cole eluded a highway patrol officer and was caught with methamphetamine, a machine gun, and an extended round magazine in his truck.

## ARGUMENT

Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition. *United States v. Burgess*, 576 F.3d 1078, 1098 (10th Cir. 2009), *citing United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001). Fed. R. Evid. 404(b)(1) bars evidence if its only purpose is to expose "a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, when evidence demonstrates proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, it can be admitted for that purpose. Fed. R. Evid. 404(b)(2).

A district court applies a four-prong test to determine if Rule 404(b) evidence is admissible: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant to that purpose; (3) the court must determine whether the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice; and (4) the court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora,* 222 F.3d 756, 762 (10th Cir. 2000); *Huddleston v. United States,* 485 U.S. 681, 691-92 (1988).

**Possession of Firearms on Surveillance Camera**

During the search of Defendant Cole's premises on November 18, 2023, law enforcement seized a surveillance camera on the front porch of the premises and secured a search

warrant. A review of the media on the surveillance camera shows Defendant Cole possessing rifles on his premises on multiple occasions prior to November 18, 2023, which is the date of the charged offenses. The first video, from October 18, 2023, shows Defendant Cole holding a rifle and aiming it at the trees behind his residence. The second video, from October 29, 2023, shows Defendant Cole walking on his premises with a rifle in front of his vehicle.

The *Huddleston* factors weigh in favor of admission of this evidence. Defendant Cole is charged in the Indictment with multiple firearm related offenses, including Felon in Possession of Firearm and Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime. At trial, the United States will be required to prove Defendant Cole knowingly possessed the firearms. The evidence of Defendant Cole possessing firearms on two prior occasions in close temporal proximity to the charged offenses is offered for the proper purpose of proving Defendant Cole's knowing possession of the firearms on November 18, 2023, and also Defendant Cole's intent to possess firearms on November 18, 2023. The evidence is also offered to show Defendant Cole did not mistakenly or accidentally possess firearms on November 18, 2023.

The evidence is also relevant to show Defendant Cole's knowing possession of firearms on the date of the charged offenses. The fact Defendant Cole knowingly possessed a firearm a month prior to the charged offenses supports the inference that he had the same knowledge in the context of the charged offenses. *United States v. Moran*, 503 F.3d 1135 (10th Cir. 2007). Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent under Rule 404(b). *Id*.

Regarding the third *Huddleston* prong, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. While Defendant Cole's possession of firearms a month prior to the charged offenses involves a propensity inference (he knowingly

possessed a firearm in the past, therefore he knowingly possessed the firearm in the present case), the inference is specific and does not require a jury to first draw the forbidden general inference of bad character or criminal disposition. *Moran*, at 1145. As the Tenth Circuit reasoned in *Moran*, the probative value of the evidence "rests on a logic of improbability that recognizes that a prior act involving the same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense." *Id*. The Tenth Circuit has also held that evidence may be admissible under Rule 404(b) as long as it tends to prove something other than criminal propensity. *United States v. Tan*, 254 F.3d 1204 (10th Cir. 2001). See also *United States v. Cherry*, 433 F.3d 698 (10th Cir. 2005) (when other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity). Regarding the fourth *Huddleston* prong, the Court may give a limiting instruction to the jury to instruct them to only consider the evidence for its proper, non-propensity purpose.

**Prior Conviction for Felon in Possession of Firearm**

The analysis for the admission of Defendant Cole's prior conviction for Felon in Possession of Firearm under Rule 404(b) is nearly identical to the analysis of Defendant Cole's prior possession of firearms in August and September of 2023. The evidence is offered for the proper purpose of proving Defendant Cole's knowledge and intent of possessing firearms on November 18, 2023. The evidence is also offered to prove Defendant Cole did not mistakenly or accidentally possess firearms on November 18, 2023. The evidence of Defendant Cole's prior conviction for Felon in Possession of Firearm is relevant because it shows that he had the knowledge that he was a convicted felon, and knew he was prohibited from possessing firearms. The evidence also makes it less likely that he mistakenly or accidentally possessed firearms on November 18, 2023.

Additionally, the fact Defendant Cole knowingly possessed a firearm in the past supports the inference he had the same knowledge in the context of the charged offense. *Moran*, at 1144.

Regarding the Rule 403 balancing test, the evidence of Defendant Cole's prior conviction for Felon in Possession of Firearm is highly probative of his intent in committing the charged offenses. The United States needs to prove Defendant knowingly possessed firearms on the date of the charged offenses. The fact Defendant has a prior conviction for Felon in Possession is highly relevant to his knowledge and intent to possess firearms on November 18, 2023. The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessary, an emotional one. *Tan*, 254 F.3d at 1211. Regarding the fourth *Huddleston* prong, the Court can give the jury a limiting instruction to caution the jury to consider the evidence only as it bears on the Defendant's intent, knowledge, absence of mistake or accident, and for no other purpose.

**Seizure of Ammunition during Search Warrant**

The United States contends the evidence of the ammunition seized from Defendant Cole's residence is *res gestae*, since it is inextricably intertwined with the charged offenses. Defendant Cole concedes in his motion that if admissible, evidence of ammunition would be relevant at trial on the charges in the Indictment.

**Videos of Pistol Converted to Machine Gun**

Law enforcement seized Defendant Cole's cell phone on November 18, 2023, and obtained a search warrant for the cell phone's contents. The cell phone extraction revealed that Defendant Cole received two text messages that contained videos of a man shooting a pistol that had been modified to function as a machine gun through the addition of a conversion device, or "Glock

switch." The United States does not intend to offer this evidence in its case-in-chief, but does provide notice under Rule 404(b) should Defendant Cole testify at trial that he did not know the Glock 23Gen4, .40 caliber pistol that was found in his truck had been modified to function as a machine gun.

The evidence is offered for the proper purpose of proving Defendant Cole's knowledge of the presence of a conversion device on his Glock pistol. The evidence is also offered to prove Defendant Cole did not mistakenly or accidentally possess a Glock pistol with a conversion device on November 18, 2023. To prevail on the machine gun counts in the Indictment, the United States must show Defendant Cole knowingly possessed a machine gun, which is defined as a fully automatic weapon capable of shooting more than one round of ammunition by a single function of the trigger. The fact Defendant Cole has videos on his cell phone of a pistol that has been modified to function as a machine gun makes it more probable that he had knowledge that his Glock pistol had been modified to function as a machine gun on November 18, 2023, and negates a potential defense theory that the Glock mistakenly or accidentally had been modified into machine gun.

Regarding the Rule 403 balancing test, the probative value of the evidence is high. The presence of these two videos on Defendant Cole's cell phone is probative of Defendant Cole knowing what a Glock switch is, and his knowledge that his pistol was fully automatic and set up to function as a machine gun. The United States does not intend to offer this evidence in its case-in-chief, but does give notice of the evidence for cross-examination and rebuttal, should Defendant Cole testify that he did not know his pistol was equipped to be a machine gun.

## CONCLUSION

The United States respectfully requests this Court to deny Defendant's motion to exclude the Rule 404(b) evidence. The proffered evidence is relevant to the charged offenses, and the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    Michael E. Robinson
Michael E. Robinson, MA Bar #693574
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5144
Michael.Robinson3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Rhyder Jolliff
Barbara Waltz,     Counsel for Defendant Cole
Dan Medlock        Counsel for Defendant Chesser

s/    Michael E. Robinson
Michael E. Robinson
Assistant United States Attorney