IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| v. | Case No.   CR-24-080-RAW |
| **JASON DALE COLE &** **CRYSTALE FAYE CHESSER,** | |
| *Defendant*. | |

## UNITED STATES' AMENDED RESPONSE TO DEFENDANT COLE'S MOTION IN LIMINE

COMES NOW the United States of America, by and through its attorneys, Christopher J. Wilson, United States Attorney, and Assistant United States Attorney Michael E. Robinson, and hereby responds to the Defendant Cole's motion *in limine* requesting approval to cross-examine Trooper Ethan Mulkey (Doc No. 119) on unrelated pending civil litigation regarding four traffic stops involving other defendants. The United States respectfully objects to the Defense motion under Rules 401 and 403 of the Federal Rules of Evidence.

### Background

Trooper Mulkey is currently the subject of four civil lawsuits in the Northern District of Oklahoma for allegations of excessive force during traffic stops.   The cases are (1) *Birchfield v. Mulkey et al*, Case No. 24-CV-256-JFJ (N.D. Okla); (2) *Collins, et al, v. Mulkey et al*, Case No. 24-CV-144-CDL (N.D. Okla.); (3) *Clack v. Mulkey et al*, Case No. 25-CV-63-CDL (N.D. Okla); and *Forester-Slaton v. Mulkey et al*, Case No. 25-CV-63-CDL (N.D. Okla.).   All of the cases involve traffic stops that occurred several years ago, and are unrelated to the charges currently pending against Defendant Cole.

1

The four pending civil cases are being brought by the Smolen Law Alpha Firm, which is a plaintiffs firm in Tulsa, Oklahoma. The Smolen Law Alpha Firm is working with Trooper Mulkey's former Troop Captain, who was given a choice to accept a demotion or be forced to retire from the Oklahoma Highway Patrol. The former Trooper Captain is antagonistic to Trooper Mulkey. The reason for the falling out between Trooper Mulkey and his former Troop Captain is Trooper Mulkey issued a ticket to one of the Troop Captain's friends, and refused to rescind the ticket when asked to do so by the Troop Captain.

The Defense Motion argues that these unrelated cases bear on Trooper Mulkey's character for untruthfulness and are relevant to his credibility, which they argue will be a central focus of the trial. The Defense Motion argues, without proof, that Trooper Mulkey has exhibited a "pattern of untruthfulness" by creating false claims of criminal infractions to justify his use of excessive force during traffic stops. The Defense Motion requests approval from the Court to cross-examine Trooper Mulkey about "the general issue of his truthfulness in the context of the [pending civil cases] and his propensity to manufacture untrue factual scenarios in his police reports regarding traffic stops," as well as his "falsification of his reports regarding [the traffic stops] and specifically his manufacture of criminal behavior by the people who were the subjects of the traffic stops in order to cover-up his own behavior."

## ARGUMENT

Under Rule 608(b), "extrinisic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." However, "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." It is therefore within the discretion of the trial court to allow certain instances of prior conduct of a witness to

be inquired into on cross-examination if probative of truthfulness or untruthfulness. In the exercise of its discretion, a trial court is still bound by other rules of evidence, including those invoving "relevance and probative value of evidence." *United States v. Beltran-Garcia*, 338 F.App'x 765, 770 (10th Cir. 2009)(unpublished).

### The Unrelated Civil Litigation is Not Relevant Under Rule 401.

Evidence is relevant under Rule 401 when it has any tendency to make a fact of consequence more or less likely. While an officer's character for truthfulness is admittedly always consequential, the court should require a firm evidentiary basis before allowing this type of cross-examination. The Defense has offered nothing more than conclusory allegations from several aggrieved motorists that Trooper Mulkey pulled over for traffic stops in the past several years. Importantly, there has been no finding by any court pertaining to misconduct on the part of Trooper Mulkey with regard to the pending civil litigation. The plaintiffs' claims involve different parties, different facts and circumstances, and are too attenuated in temporal proximity to be relevant to the charged offenses in this case. It seems that the gravamen of the pending civil litigation is accusations of excessive force byTrooper Mulkey, which is not an issue in the current case against Defendant Cole. Therefore, since the pending civil litigation does not make a fact of consequence more or less probable, the defense should not be able to cross-examine Trooper Mulkey on the unrelated pending civil litigation under Rule 401.

### The Probative Value of the Unrelated Civil Litigation Should be Excluded Under Rule 403.

Even assuming *arguendo* that the pending civil litigation against Trooper Mulkey is relevant to the charged offenses, any reference to it should be excluded under Rule 403. Rule 403 provides that the court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In this case, the probative value of allowing the defense to reference the pending civil litigation would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. The central issue in this case is whether Defendant Cole knowingly possessed a machine gun and a half pound of methamphetamine in his truck when he eluded Trooper Mulkey on November 18, 2023. Allowing the defense to reference unrelated pending civil litigation against Trooper Mulkey would create a "trial within a trial" and would confuse the issues for the jury. *Unitd States v. Beltran-Garcia*, 338 Fed.Appx.765 (10th Cir. 2009) (where the Tenth Circuit upheld the trial court's exclusion of undercover agent's prior misconduct based on remoteness in time and because the misconduct occurred under different circumstances).

In addition to the low probative value, this evidence carries with it a high risk of misleading the jury and confusing the issues. The details of the unfounded allegations that are pending in civil litigation are likely to prejudice the jury against Trooper Mulkey for allegedly using force during several traffic stops, which may leave them with the impression that he cannot be trusted because he is a violent person. The probative value of the allegations are very low, and the evidence supporting the allegations is also very low. Allowing the defense to reference the unrelated pending civil litigation on cross-examination presents a high risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time. As such, any references to the pending civil litigation should be excluded under Rule 403.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's motion in limine and not allow cross-examimation on Trooper Mulkey's pending civil litigation.

        Respectfully submitted,

        CHRISTOPHER J. WILSON
        United States Attorney

s/  MICHAEL E. ROBINSON
    Michael E. Robinson
    MA Bar # 693574
    Assistant United States Attorney
    520 Denison Ave
    Muskogee, OK 74401
    Telephone: (918) 684-5144
    Michael.robinson3@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on the 13th day of May 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

  Rhyder Jolliff, Attorneys for Defendant Cole
  Barbara Woltz

  Dan Medlock, Attorney for Defendant Chesser

        s/  Michael E. Robinson
          MICHAEL E. ROBINSON
          Assistant United States Attorney