IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>JASON DALE COLE &,<br>CRYSTAL FAYE CHESSER<br><br>                Defendants. | Case No. CR-24-080 RAW |

**UNITED STATES OF AMERICA'S REQUESTED JURY INSTRUCTIONS**

Plaintiff, United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Michael E. Robinson, respectfully submits the attached Requested Jury Instructions for the Court's consideration.

                                              Respectfully submitted,

                                              CHRISTOPHER J. WILSON
                                              United States Attorney

s/    <u>Michael E. Robinson</u>
       Michael E. Robinson, MA BA # 693574
       Assistant United States Attorney
       520 Denison Avenue
       Muskogee, OK 74401
       (918) 684-5144
       Michael.robinson3@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on June 5, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Rhyder Jolliff, | Attorneys for Defendant Cole |
| Barbara Woltz | |
| James Sicking | |
| Brian Deer | |
| Dan Medlock | Attorney for Defendant Chesser |

                                                                                                 s/      <u>Michael E. Robinson</u>  
                                                                                                 MICHAEL E. ROBINSON  
                                                                                                 Assistant United States Attorney

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

1. Introduction to Final Instructions (Pattern Crim. Jury Instr. 10th Cir. 1.03)

2. Duty to Follow Instructions (Pattern Crim. Jury Instr. 10th Cir. 1.04)

3. Indictment (Non-Pattern Jury Instruction)

4. Presumption of Innocence- Burden of Proof – Reasonable Doubt (Pattern Crim. Jury Instr. 10th Cir. 1.05)

5. Evidence Defined (Pattern Crim. Jury Instr. 10th Cir. 1.06)

6. Evidence – Direct and Circumstantial – Inferences (Pattern Crim. Jury Instr. 10th Cir. 1.07)

7. Credibility of Witnesses (Pattern Crim. Jury Instr. 10th Cir. 1.08)

8. Non-Testifying Defendant (Pattern Crim. Jury Instr. 10th Cir. 1.08.1)

9. Law Enforcement Witnesses (Non-Pattern Jury Instruction)

10. Impeachment by Prior Conviction (Pattern Crim. Jury Instr. 10th Cir. 1.11)

11. Impeachment by Prior Conviction (Pattern Crim. Jury Instr. 10th Cir. 1.12)

12. Witness's Use of Addictive Drugs (Pattern Crim. Jury Instr. 10th Cir. 1.16)

13. Expert Witness (Pattern Crim. Jury Instr. 10th Cir. 1.17)

14. On or About (Pattern Crim. Jury Instr. 10th Cir. 1.18)

15. Caution – Consider Only Crimes Charged (Pattern Crim. Jury Instr. 10th Cir. 1.19)

16. Caution – Punishment (Pattern Crim. Jury Instr. 10th Cir. 1.20)

17. Multiple Defendants – Single Count (Pattern Crim. Jury Instr. 10th Cir. 1.21)

18. Duty to Deliberate – Verdict Form (Pattern Crim. Jury Instr. 10th Cir. 1.23)

19. Voluntariness of Statement by Defendant (Pattern Crim. Jury Instr. 10th Cir. 1.25)

20. Similar Acts (Pattern Crim. Jury Instr. 10th Cir. 1.30)

21. Actual or Constructive Possession (Pattern Crim. Jury Instr. 10th Cir. 1.31)

22. Knowingly – Deliberate Ignorance (Pattern Crim. Jury Instr. 10th Cir. 1.37)

23. Interstate and Foreign Commerce – Defined 18 U.S.C. Section 10 (Pattern Crim. Jury Instr. 10th Cir. 1.39)

24. Investigative Techniques (Non-Pattern Jury Instruction)

25. Count One: Possession with Intent to Distribute Methamphetamine (Pattern Crim. Jury Instr. 10th Cir. 2.85)

26. Count Two: Possession of a Machine Gun (Non-Pattern Jury Instruction)

27. Counts Three and Seven: Felon in Possession of a Firearm (Pattern Crim. Jury Instr. 10th Cir. 2.44)

28. Count Four: Using/Carrying a Firearm During Commission of a Drug Trafficking Crime (Non-Pattern Jury Instruction)

29. Count Five: Possession with Intent to Distribute Methamphetamine – 21 U.S.C. Sections 841(a)(1) & 841(b)(1)(A) (Pattern Crim. Jury Instr. 10th Cir. 2.85)

30. Count Six: Possession with Intent to Distribute Marijuana (Pattern Crim. Jury Instr. 10th Cir. 2.85)

31. Count Eight: Possession of an Unregistered Firearm 26 U.S.C. Section 5861(d) (Pattern Crim. Jury Instr. 10th Cir. 2.91)

32. Count 9: Using/Carrying a Firearm During Commission of a Drug Trafficking Crime (Non-Pattern Jury Instruction)

33. Count 10: Maintaining Drug Involved Premises 21 U.S.C. Section 856(a)(1) (Pattern Crim. Jury Instr. 10th Cir. 2.89

34. Communication with the Court (Pattern Crim. Jury Instr. 10th Cir. 1.44)

**REQUESTED INSTRUCTION NO. 3**

**INDICTMENT**

The Indictment in this case is the formal method of accusing the defendant of an offense and placing him on trial. It is not evidence against the defendant and does not create any inference of guilt. You may have a copy of the Indictment with you in the jury room.

The defendant is on trial only for the crimes charged against him in the Indictment, not for any other acts or conduct.

The Indictment in this case charges in:

Count One that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Count Two that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly possess a machinegun, to wit: one (1) Glock, Model 23Gen4, .40-caliber pistol, bearing serial number BKRZ205, that had been modified to shoot more than one (1) round of ammunition, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

Count Three that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm, to wit:

- One (1) Glock, Model 23Gen4, .40-caliber, machine gun pistol, bearing serial number BKRZ205; and,

- One (1) Kel-Tec, Model PMR-30, .22 Magnum caliber, semi-automatic pistol, bearing serial number W4980,

which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(8).

Count Four that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly use and carry a firearm (including a machine gun), during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Methamphetamine, as charged in Count One of this Indictment, and in furtherance of the crime did possess a firearm, to wit:

- one (1) Glock, Model 23Gen4, .40-caliber pistol, bearing serial number BKRZ205, that had been modified to shoot more than one (1) round of ammunition, without manual reloading, by a single function of the trigger (a machine gun); and,

- one (1) Kel-Tec, Model PMR-30, .22 Magnum caliber, semi-automatic pistol, bearing serial number W4980,

in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

Count Five that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Count Six that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly and intentionally possess with intent to distribute less than 50 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

Count Seven that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm, to wit:

- one (1) Nordic Components, Model NC-10, multi-caliber, semi-automatic rifle, serial number N00388, with an attached firearm silencer;

- one (1) Remington, Model 11-48, 12-gauge, semi-automatic shotgun, serial number 5519671;

- one (1) Ithaca, Model 37, 16-gauge, pump action shotgun, serial number 430459;

- one (1) Marlin, Model 1894, .44 Magnum caliber, lever action rifle, serial number 18112911;

- one (1) Ruger, New Model Super Blackhawk, .44 Magnum caliber, revolver, serial number 82-12217;

- one (1) Tanfoglio, Model EASA, .22-caliber, revolver, serial number E28849;

- one (1) Firearms Import and Export Co., Model E15, .22-caliber, revolver, serial number 37629; and,

- one (1) Remington, Model 1100, 12-gauge, semi-automatic shotgun, serial number L006516V,

which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

Count Eight that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly possess a firearm to wit:

- one (1) firearm silencer described as a cylindrical device, approximately 12.3 inches in length and 1.7 inches in diameter, containing interior baffles, internally threaded, and not identified by a serial number;

- one (1) firearm silencer described as a cylindrical device, approximately 9 inches in length and 1.6 inches in diameter, containing six interior baffles, wrapped in electrical tape, and not identified by a serial number;

7

- one (1) firearm silencer described as a cylindrical device, approximately 9 inches in length and 1.6 inches in diameter, containing eight interior baffles, and not identified by a serial number;

- one (1) firearm silencer described as a cylindrical device, approximately 10 inches in length and 2 inches in diameter, internally threaded, and not identified by a serial number; and,

- one (1) firearm silencer described as a cylindrical device, approximately 9.5 inches in length and 1.7 inches in diameter, containing a monolithic baffle, internally threaded, and not identified by a serial number,

which was not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5845, 5861(d) and 5871.

Count Nine that on or about November 18, 2023, in the Eastern District of Oklahoma, the defendant, **JASON DALE COLE**, did knowingly use and carry a firearm, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with Intent to Distribute Methamphetamine, as charged in Count Five of this Indictment, and in furtherance of the crime did possess a firearm, to wit:

- one (1) Nordic Components, Model NC-10, multi-caliber, semi-automatic rifle, serial number N00388; and

- one (1) firearm silencer described as a cylindrical device, approximately 12.3 inches in length and 1.7 inches in diameter, containing interior baffles, internally threaded, and not identified by a serial number,

in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

And Count Ten that on or about November 18, 2023, in the Eastern District of Oklahoma, **JASON DALE COLE** and **CRYSTAL FAYE CHESSER**, defendants herein, did knowingly use and maintain a residence at 20725 Gilmer Road, Okmulgee, Oklahoma, for the purpose of distributing and using any controlled substance, to wit: methamphetamine, which is a Schedule II Controlled Substance; and marijuana, which is a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

The defendants have pled not guilty to the charges.

# REQUESTED INSTRUCTION NO. 9

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officials. The testimony of law enforcement officials should be weighed, and their credibility evaluated in the same way as that of any other witness. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of law enforcement witnesses and to give that testimony the weight, if any, you find it deserves.

*Source*: *United States of America v. Geovanta Ty'Kearon Lee*, 6:22-cr-00111-RAW, Instructions to the Jury [Doc. No. 76], pg. 15; *see also*, *e.g.*, *United States of America v. Tyler Jay Mullins*, 6:21-cr-60-CBG, Instructions to the Jury [Doc. No. 158], pg. 13.

## REQUESTED INSTRUCTION NO. 24

## INVESTIGATIVE TECHNIQUES

You have heard testimony as to the manner in which the government conducted its investigation in this case, including certain investigative methods or techniques that were used and certain investigative methods and techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or to use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of Defendant's guilt.

Source: *United States v. Jenks*, 714 Fed.Appx. 894, 897 (10th Cir. 2017) (unpublished) (citing *United States v. Johnson*, 479 Fed.Appx. 811, 817 (10th Cir. 2012) (unpublished)); *see also*, *United States v. Tyler Jay Mullins*, 6:21-cr-60-CBG, Instructions to the Jury [Doc. No. 158], pg. 18.

## REQUESTED INSTRUCTION NO. 26

### COUNT 2: POSSESSION OF A MACHINE GUN

The defendant is charged in Count Two of the Indictment with Possession of a Machine Gun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

This law makes it a crime to possess a machine gun. For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

> First: Defendant knowingly possessed a machine gun, as that term has been defined in this instruction after the passage of the Firearms Owners' Protection Act of 1986
>
> Second: The machine gun was not registered in the National Firearms Registration and Transfer Record

The term "machine gun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun be assembled if such parts are in the possession or under the control of a person.

## REQUESTED INSTRUCTION NO. 28

**COUNT 4: USE AND CARRY OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME**

The defendant is charged in Count Four of the Indictment with Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & 924(c)(1)(B)(ii).

This law makes it a crime to use and carry a machine gun during and in relation to a drug trafficking crime. For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

First: Defendant committed the crime of Possession with Intent to Distribute Methamphetamine, as charged in Count One of the Indictment. You are instructed that Possession with Intent to Distribute Methamphetamine is a drug trafficking crime.

Second: The Defendant used or carried a machine gun

Third: During and in relation to a drug trafficking crime.

The term "machine gun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun be assembled if such parts are in the possession or under the control of a person.

A Defendant knowingly "uses" a machine gun when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime. A defendant knowingly "carries" a machine gun when he (1) possesses the machine gun through the exercise of ownership or control and (2) transports or moves the machine gun from one place to another.

In determining whether the defendant knowingly used or carried a machine gun during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a machine gun to the crime, the extent to which a machine gun actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A machine gun plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's use or carrying of the machine gun and the underlying crime but the crime need not be the sole reason the defendant used or carried the machine gun.

## REQUESTED INSTRUCTION NO. 32

### COUNT 9: USE AND CARRY OF A FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME

The defendant is charged in Count Nine of the Indictment with Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) & 924(c)(1)(B)(ii).

This law makes it a crime to use and carry a firearm silencer during and in relation to a drug trafficking crime. For Defendant to be found guilty of that charge, the United States must prove each of the following elements beyond a reasonable doubt:

> First: Defendant committed the crime of Possession with Intent to Distribute Methamphetamine, as charged in Count Five of the Indictment. You are instructed that Possession with Intent to Distribute Methamphetamine is a drug trafficking crime.
>
> Second: The Defendant used or carried a firearm silencer
>
> Third: During and in relation to a drug trafficking crime.

The term "firearm silencer" and "firearm muffler' mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembly or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication.

A Defendant knowingly "uses" a firearm silencer when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime. A defendant knowingly "carries" a firearm silencer when he (1) possesses the firearm silencer through the exercise of ownership or control and (2) transports or moves the firearm silencer from one place to another.

In determining whether the defendant knowingly used or carried a firearm silencer during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm silencer to the crime, the extent to which a firearm silencer actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

A firearm silencer plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's use or carrying of the firearm silencer and

the underlying crime but the crime need not be the sole reason the defendant used or carried the firearm silencer.