IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. CR-24-080-RAW |
| ) | |
| CRYSTAL FAYE CHESSER, ) | |
| *Defendant.* ) | |

**DEFENDANT CHESSER'S OBJECTION TO CO-DEFENDANT'S
MOTION TO EXTEND SCHEDULING ORDER DATES AND
ALTERNATIVE MOTION FOR SEVERANCE**

Comes now the Defendant Crystal Faye Chesser, through undersigned counsel, respectfully objects to co-defendant Jason Dale Cole's Motion to Extend Scheduling Order Dates (Doc. 135) and, in the alternative, moves this Court for severance of her case from that of Mr. Cole pursuant to Federal Rule of Criminal Procedure 14. In compliance with Local Criminal Rule 12.1(B), Counsel advises the Court that he has conferred with Michael Robinson, Assistant United States Attorney, and is authorized to state that the Government has no objection to Ms. Chesser's objection to the continuance, but the Government is opposed to Ms. Chesser's Alternative Motion for Serverance. In support thereof, Ms. Chesser states:

**I.      OBJECTION TO CONTINUANCE**

Ms. Chesser objects to any continuance of the July 1, 2025 trial date. Ms. Chesser is ready to proceed as scheduled.

**II.     ALTERNATIVE MOTION FOR SEVERANCE**

**A. Legal Standard for Severance**

The Supreme Court has established that "[a] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of

1

one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

**B. Severance Is Warranted**

**1. Disparity in Charges Creates Risk of Prejudice**

The disparity in the number and nature of charges between Defendant Chesser and Defendant Cole creates a significant risk of prejudice to Defendant Chesser if the trials are not severed. As the Supreme Court recognized in *Zafiro*, "when many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id*. The stark disparity in charges between Chesser and Cole creates exactly this scenario.

Separate trials would ensure that the jury's determination of Defendant Chesser's guilt or innocence on the single count against her is not improperly influenced by evidence related to Defendant Cole's more numerous and diverse charges. This disparity in charges creates the risk that "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty," as warned in *Zafiro*. *Id*.

**2. Prejudicial Delay and Right to Speedy Trial**

The potential delay caused by Defendant Cole's Motion for Continuance would infringe upon Defendant Chesser's right to a speedy trial and her desire to proceed as scheduled. This delay constitutes a "serious risk that a joint trial would compromise a specific trial right of one of the defendants" under the *Zafiro* standard. *Id*. Severance is appropriate in this case because it would allow Defendant Chesser to proceed to trial as scheduled, avoiding unnecessary delay and potential prejudice. Continued joinder would subject Ms. Chesser to prejudicial delay through no fault of her own.

**3. Judicial Economy and Reliable Jury Determination**

The interests of justice and judicial economy would be served by severing the trials, as it would allow for a more focused and efficient presentation of evidence relevant to each defendant's specific charges. Severance would enable the jury to "make a reliable judgment about guilt or innocence" regarding Ms. Chesser's single charge without the distraction and potential prejudice from evidence related to Mr. Cole's multiple charges. *See id*.

Ms. Chesser is prepared to proceed on July 1, 2025, and severance would allow the Court to utilize its scheduled trial time effectively rather than continuing a ready case due to another defendant's separate procedural issues.

**III. CONCLUSION**

For the foregoing reasons, Ms. Chesser respectfully requests that this Court: (1) deny Mr. Cole's motion for continuance; or, in the alternative, (2) grant severance and allow Ms. Chesser to proceed to trial as scheduled on July 1, 2025.

Respectfully submitted,

s/ Dan Medlock
Dan Medlock, OBA #20092
Attorney for Defendant Chesser
555 W. Okmulgee
Muskogee, OK 74401
(918) 912-2000 phone
dan@medlocklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: Michael Robinson / Jarrod Leaman, Assistant United States Attorneys; and Rhyder Jolliff / Barbara Woltz, Attorneys for Jason Cole.

s/ Dan Medlock
Dan Medlock
Attorney for Defendant Chesser