IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | Case No. CR-24-080-RAW |
| ) | |
| CRYSTAL FAYE CHESSER, ) | |
| *Defendant* ) | |

**DEFENDANT CRYSTAL FAYE CHESSER'S MOTION IN LIMINE TO EXCLUDE OPINION TESTIMONY REGARDING ALLEGED DRUG USE**

Comes now the Defendant, Crystal Faye Chesser, by and through her attorney, Dan Medlock, and respectfully moves this Honorable Court to enter an Order precluding Trooper E.M. from testifying that, based on his training and experience, both Ms. Chesser and Mr. Cole "avidly use methamphetamine based on their appearance and indicators of drug use." In support of this Motion, Ms. Chesser states as follows:

### I. INTRODUCTION

During the investigation in this matter, Trooper E.M. authored a report wherein he stated, "[i]t was also apparent based on [E.M.'s] 11 years of law enforcement training and experience CHESSER and COLE both avidly use methamphetamine based on their appearance and indicators of drug use." The government's trial brief (Doc. 69) indicates that Trooper Mulkey is expected to testify about the search of the property and his interview with Ms. Chesser. However, any testimony offering his opinion that Ms. Chesser "avidly uses methamphetamine" based on her appearance and unspecified "indicators of drug use" is improper lay opinion testimony, lacks foundation, is unduly prejudicial, and should be excluded pursuant to Federal Rules of Evidence 402, 403, and 701.

1

## II. ARGUMENT

Trooper E.M.'s anticipated testimony regarding Ms. Chesser's alleged avid methamphetamine use, based on his "training and experience" and his observations of her "appearance and indicators of drug use," should be excluded. "In drug prosecutions, opinion testimony from law enforcement officers may be based on the case investigation or on the officer's training and experience." *United States v. Draine*, 26 F.4th 1178, 1186-87 (10th Cir. 2022) (*citing United States v. Cushing*, 10 F.4th 1055, 1079-80 (10th Cir. 2021)). "Although the line is not always clear, 'a law-enforcement officer's testimony based on knowledge derived from the investigation of the case at hand is typically regarded as lay testimony' under Rule 701, and 'opinion testimony premised on the officer's professional experience as a whole is expert testimony' under Rule 702." *Id.* at 1187 (*quoting Cushing*, 10 F.4th at 1080).

Federal Rule of Evidence 701 permits lay witnesses to offer opinion testimony only if it is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Here, Trooper E.M.'s opinion that Ms. Chesser "avidly uses methamphetamine" is not a simple observation rationally based on his personal perception. It is an interpretation of her appearance and unspecified "indicators" through the lens of his "training and experience." This type of assessment inherently relies on drawing conclusions that are often based on specialized knowledge about drug use and its purported physical manifestations. Unless Trooper E.M. can articulate specific, objective observations that are commonly understood as indicating drug use and can demonstrate how his opinion is merely a rational deduction from those specific perceptions without relying on specialized knowledge, this testimony falls outside the scope of permissible lay

opinion under Rule 701. The mere statement that his opinion is based on "training and experience" suggests reliance on specialized knowledge.

Trooper E.M.'s statement provides no specific details regarding the "appearance" or "indicators of drug use" he observed. Without these specifics, it is impossible for this Court to determine whether his opinion is rationally based on his perception or whether it improperly relies on speculation or generalized assumptions about individuals suspected of drug use. This lack of foundation renders the opinion unreliable and inadmissible. We need to know precisely what he saw and how that led him to conclude "avid use."

Even if this testimony were somehow deemed admissible under Rule 701, its probative value regarding whether Ms. Chesser *used* drugs at the residence is minimal and substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403.

The label of an "avid user" is highly stigmatizing and could improperly influence the jury's perception of Ms. Chesser, potentially leading them to infer guilt on the charged offenses based on a negative characterization rather than on concrete evidence of the charged crimes. This is particularly concerning as Ms. Chesser is charged with maintaining a drug-involved premises, which requires proof of a specific purpose, not merely her status as a user.

The focus of the trial should be on whether Ms. Chesser committed the charged offense. Testimony about her alleged "avid use" of methamphetamine, without direct evidence linking that use to the maintenance of the premises for drug-related purposes, risks shifting the jury's attention to her character or potential addiction, rather than the elements of the crime. Jurors may give undue weight to a law enforcement officer's opinion about someone's drug use, even if that opinion lacks

a solid factual basis. This could lead them to make assumptions about Ms. Chesser's involvement with the contraband found at the residence based on speculation rather than evidence.

While the presence and use of drugs at the residence are relevant to the charge of maintaining a drug-involved premises, Trooper E.M.'s subjective opinion about Ms. Chesser's "avid use" based on unspecified observations is not sufficiently probative of whether she knowingly used or maintained the residence for the purpose of distributing or using controlled substances. The government has other evidence to attempt to establish this element. Trooper E.M.'s speculative opinion adds little probative value while posing a significant risk of unfair prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant Crystal Faye Chesser respectfully requests that this Honorable Court enter an Order precluding Trooper E.M. from offering his opinion that Ms. Chesser "avidly uses methamphetamine based on their appearance and indicators of drug use." This testimony is inadmissible lay opinion, lacks proper foundation, is unduly prejudicial, and is not sufficiently relevant to the charged offenses.

Respectfully submitted,

s/ Dan Medlock
Dan Medlock, OBA #20092
Attorney for Defendant Chesser
555 W. Okmulgee
Muskogee, OK 74401
(918) 912-2000 phone
dan@medlocklaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 5, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: Michael Robinson / Jarrod Leaman, Assistant United States Attorneys; and Rhyder Jolliff / Barbara Woltz, Attorneys for Jason Cole.

                                                                s/ Dan Medlock
                                                                Dan Medlock
                                                                Attorney for Defendant Chesser