IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JASON DALE COLE &<br>CRYSTAL FAYE CHESSER,<br><br>*Defendants.* | Case No. CR-24-080-RAW |

### UNITED STATES' MOTION IN OPPOSITION TO SEVERANCE

COMES NOW the United States of America by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Michael E. Robinson and, hereby requests that the Court deny Defendant Chesser's motion for severance (Doc. No. 136).

### LAW AND ARGUMENT

Rule 8 of the Federal Rules of Criminal Procedure is the vehicle for joinder of both offenses and defendants in a criminal proceeding. Rule 8(b) provides the "indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Joint trials of defendants who are indicted together are preferred because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534 (1993). The phrase "same series of acts or transactions" in Rule 8(b) is "construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Hopkinson*, 631 F.2d 665 (10th Cir. 1980).

Pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, a court may "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if joinder "appears to prejudice a defendant." Rule 14(a) envisions situations where a joint trial would be inappropriate and harmful to the accused's Constitutional rights even though joinder is proper under Rule 8, which is liberally and broadly applied in the interest of efficiency. *Zafiro* at 538. While the decision to sever is within the discretion of the trial court, the defendant must bear a heavy burden of showing real prejudice to their case. *United States v. McConnell*, 749 F.2d 1441 (10th Cir. 1984). A criminal defendant has no constitutional right to severance unless there is a strong showing of prejudice caused by a joint trial. *United States v. Youngpeter*, 986 F.2d 349 (10th Cir. 1993). The prejudice standard that Rule 14 envisions requires a showing of actual prejudice, and not merely a showing that a defendant may have a better chance of acquittal in separate trials. *United States v. Pursley*, 474 F.3d 757 (10th Cir. 2007). To establish prejudice, a defendant must identify a "specific trial right" that was compromised or show the jury was "prevented…from making a reliable judgment about guilt or innocence." *Zafiro* at 539. Less drastic measures than severance, such as limiting instructions, often will suffice to cure any risk of prejudice. *Richardson v. Marsh*, 481 U.S. 200 (1987).

In the Defense Motion, Defendant Chesser argues that due to the disparity in charges between herself and Defendant Cole, she faces a significant risk of prejudice if the trials are not severed. Defendant Cole is charged in all ten counts of the Indictment for multiple drug and firearm offenses, whereas Defendant Chesser is charged conjointly in Count Ten of the Indictment for Maintaining Drug Involved Premises. The charges in the Indictment stem from a search of Defendant Cole's truck following an attempted traffic stop on November 18, 2023, which resulted in the seizure of a machine gun and methamphetamine; along with a subsequent search of his

residence, which resulted in the seizure of multiple kilograms of methamphetamine, firearms, and firearm suppressors. Defendant Chesser is Defendant Cole's girlfriend, who lived with him at the residence prior to his arrest. Both Defendant Cole and Defendant Chesser are listed as co-owners on the deed to the residence.

The United States opposes Defendant Chesser's motion for severance to promote judicial economy and efficiency, as well as to avoid multiple trials on the same issues. While the charges in the Indictment are serious, this is not a complex case. The charges involve two events: the search of Defendant Cole's truck, and the search of the residence that Defendant Cole and Defendant Chesser lived at. It is clear from the Indictment that Defendant Cole is the more culpable party than Defendant Chesser, as evidenced by him being named in all ten counts of the Indictment and Defendant Chesser only being named as a co-defendant in Count Ten for Maintaining Drug Involved Premises.

Defendant Chesser argues that her guilt or innocence may be improperly influenced in a joint trial with Defendant Cole, due to the stark disparity in the charges both defendants are facing. However, Defendant Chesser's culpability with respect to Count Ten of the Indictment stems completely from her association with Defendant Cole - the man she decided to share a residence with - who is charged in the Indictment with drug trafficking and unlawfully possessing firearms. In summary, the charges against both defendants involve largely the same evidence (drugs seized from their shared residence), the same witnesses (law enforcement officers who conducted the search), and involve a unity of interest as opposed to mutually antagonistic defenses. The issues identified in Defendant Chesser's motion are addressed in the Tenth Circuit Pattern Criminal Jury Instruction 1.21 – Multiple Defendants – Single Count. That instruction conveys to the jury that "the rights of each of the defendants in [the] case are separate and distinct," while ordering the

jury to "separately consider the evidence against each defendant and return a separate verdict for each," since the jury's "verdict as to one defendant, whether it is guilty or not guilty, should not affect [the jury's] verdict as to any other defendant."

## CONCLUSION

The United States respectfully requests this Court deny Defendant Chesser's motion to sever the trials.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/     MICHAEL E. ROBINSON
MICHAEL ROBINSON MA BA #693574
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5144
Michael.Robinson3@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 6th day of June, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

  Rhyder Jolliff
  Barbara Woltz
  Brian Deer
  James Sicking,  Counsel for Defendant Cole
  Dan Medlock  Counsel for Defendant Chesser


        s/  <u>Michael E. Robinson</u>
          MICHAEL E. ROBINSON
          Assistant United States Attorney