# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JASON DALE COLE, and<br>CRYSTAL FAYE CHESSER,<br><br>    Defendants. | Case No. CR-24-080-RAW |

## ORDER

Before the court is Defendant Chesser's objection to her co-Defendant's motion to extend scheduling order dates and in the alternative motion for severance [Docket No. 136]. Defendant Cole's motion to extend scheduling order dates will be granted by a separate order entered simultaneously herewith. The Government has filed an objection to Defendant Chesser's motion for severance. Docket No. 139. Defendant Chesser moves for severance pursuant to Federal Rule of Criminal Procedure 14, arguing that the disparity in charges creates a risk of prejudice, that the potential delay caused by Defendant Cole's motion for continuance would infringe her right to a speedy trial, and that the interests of justice and judicial economy would be served by severing the trials.

The Indictment in this case charges Defendant Cole with ten crimes – two counts of possession with intent to distribute methamphetamine; possession of a machine gun; two counts of felon in possession of a firearm; two counts of use and carry of a firearm during and in relation to a drug trafficking crime; possession with intent to distribute marijuana; possession of

1

unregistered firearm; and maintaining drug involved premises. Defendant Chesser was charged only in the final charge, Count Ten – maintaining drug involved premises.

Federal Rule of Criminal Procedure 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id*. Rule 8(b) "is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Hopkinson*, 631 F.2d 665, 668 (10th Cir. 1980).

Whether to grant a severance is in the discretion of the court, and "a defendant has a heavy burden to show prejudice by the joinder." *Id*. The Tenth Circuit has outlined a three-step inquiry for use when a defendant requests a severance. *United States v. Armenta*, No. 23-7035, 2024 WL 4784958, at *3 (10th Cir. Nov. 14, 2024) (citing *United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007)).

First, the court "must determine whether the defenses presented are 'so antagonistic that they are mutually exclusive." *Pursley*, 474 F.3d at 765 (citing *United States v. Peveto*, 881 F.2d 844, 857 (10th Cir. 1989)). "Second, because '[m]utually antagonistic defenses are not prejudicial per se,' a defendant must further show 'a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Finally, "if the first two factors are met, the trial court exercises its discretion and 'weigh[s] the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration.'" *Id*. (citing *Peveto*, 881 F.2d at 857).

Citing *Zafiro*, Defendant Chesser argues that the disparity in charges creates a risk of prejudice. In *Zafiro*, the Supreme Court held that when defendants have been properly joined pursuant to Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

> Such a risk might occur *when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone* is admitted against a codefendant. *For example*, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Id.* (emphasis added).[1]

Such is not the case here. As argued by the Government, "the charges against both defendants involve largely the same evidence (drugs seized from their shared residence), the same witnesses (law enforcement officers who conducted the search), and involve a unity of interest as opposed to mutually antagonistic defenses." Docket No. 139, at 3

Defendant Chesser further argues that the potential delay caused by Defendant Cole's motion for continuance would infringe her right to a speedy trial. In an Order entered simultaneously herewith, the Court finds that additional time is necessary for counsel's effective preparation and advocacy for Defendant Cole. A Report and Recommendation on both Defendants' motions to suppress was entered on June 5, 2025. Moreover, Defendant Chesser filed an additional motion in limine on the same date. The briefing cycles on these have yet to be

---

[1] The court cites this portion of *Zafiro*, as Defendant Chesser relies upon the second two sentences, leaving out the first. Docket No. 136, at 2.

completed. This case is not ready for trial. Defendant Chesser has not shown a serious risk that a joint trial would compromise her right to a speedy trial.

Moreover, the interests of justice and judicial economy would not be served by severing the trials. Defendant Chesser has failed to show: (1) that the defenses presented are "so antagonistic that they are mutually exclusive" and (2) "a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." Defendant Chesser has failed to satisfy her burden. In its discretion, the court hereby DENIES Defendant Chesser's motion for severance [Docket No. 136].

**IT IS SO ORDERED** this 10th day of June, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**