IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **JASON DALE COLE & CRYSTAL FAYE CHESSER,** *Defendant.* | Case No. CR 24-080 RAW |

### UNITED STATES' RESPONSE TO DEFENDANT COLE'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

COMES NOW the United States of America by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Michael E. Robinson and, hereby requests that the Court overrule Defendant Cole's Objections to Magistrate's Report and Recommendation [Doc. No. 147, hereinafter "Defense Motion"]. The United States requests that the Court accept the Magistrate Judge's Report and Recommendation [Doc. No. 133]. The United States also asks the Court to deny Defendant Cole's request under 28 U.S.C. § 636(b)(1) to offer additional evidence pertaining to the suppression issues identified in Defendant Cole's Motion to Suppress (Doc. No. 103). These suppression issues were briefed thoroughly in multiple filings (Docs. No. 50, 99, 103, 108, 111, 119, 125, 129 and 130, and were litigated at the suppression hearing on May 6, 2025.

### FACTS

On May 15, 2024, the Grand Jury returned a ten-count Indictment against Defendant Cole charging him with Possession with Intent to Distribute Methamphetamine (Counts 1 and 5), Possession of a Machine Gun (Count 2), Felon in Possession of a Firearm (Counts 3 and 8), Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime (Counts 4 and 9),

1

Possession with Intent to Distribute Marijuana (Count 6), Possession of an Unregistered Firearm (Count 8), and Maintaining a Drug Involved Premises (Count 10). The charges stem from the seizure of approximately a half pound of methamphetamine, a machine gun, extended round magazine, and various rounds of ammunition in his truck after eluding Trooper Ethan Mulkey of the Oklahoma Highway Patrol on November 18, 2023. The seizure of the contraband from Defendant Cole's truck supported a search warrant for Defendant Cole's premises, located at 20725 Gilmer Road, Okmulgee, Oklahoma, which resulted in the seizure of over three kilograms of methamphetamine, multiple firearms, firearm suppressors, and drug paraphernalia. The majority of the contraband was seized from an outbuilding on the premises, adjacent to Defendant Cole's residence.

Defendant Cole filed several motions seeking to suppress the evidence that was seized from his truck after the attempted traffic stop, as well as several motions to suppress the evidence seized from his residence during the execution of the search warrant. A motion to suppress hearing was held on May 6, 2025. At the hearing, Defendant Cole sought to cross-examine Trooper Mulkey on civil litigation related to allegations of excessive force in the line of duty. The United States objected under Rules 401 and 403, arguing that excessive force was not relevant to the suppression hearing. Defendant Cole also called Mark Roach as a witness to testify about his low opinion of Trooper Mulkey's credibility. The United States objected to Mr. Roach's testimony under Rules 401 and 403. At the suppression hearing, the Magistrate Judge largely sustained the United States' objections and curtailed the cross-examination of Trooper Mulkey on his pending civil litigation, as well as the testimony of Mark Roach.

## ARGUMENT

In the Defense Motion, Defendant Cole raises two objections from the suppression hearing. First, Defendant Cole argues that he was denied the opportunity to fully cross-examine Trooper

Mulkey at the suppression hearing regarding his pending civil litigation regarding allegations of excessive force. Second, Defendant Cole argues that the Magistrate Judge improperly curtailed the testimony of Mark Roach, who is one of Trooper Mulkey's former supervisors in the Oklahoma Highway Patrol.

    **I.    The Magistrate Judge Correctly Limited the Cross-Examination of Trooper Mulkey on Unrelated Pending Civil Litigation.**

Defendant Cole seeks to cross-examine Trooper Mulkey on the facts surrounding several pending civil lawsuits involving allegations of excessive force that were filed by the same plaintiff's attorney in Tulsa, Oklahoma. Despite Defendant Cole's assertion in multiple court filings, the topic of excessive force is not a relevant issue in this trial. The United States briefed this issue at length in multiple pretrial filings, including Docs. 50 and 124. Defense counsel attempted to cross-examine Trooper Mulkey on these pending lawsuits at the suppression hearing, but the Magistrate Judge correctly limited the cross-examination on this topic, ruling that it was not relevant to the suppression issues.

Under Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." However, "the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." It is therefore within the discretion of the trial court to allow certain instances of prior conduct of a witness to be inquired into on cross-examination if probative of truthfulness or untruthfulness. In the exercise of its discretion, a trial court is still bound by other rules of evidence, including those involving "relevance and probative value of evidence." *United States v. Beltran-Garcia*, 338 F.App'x 765, 770 (10th Cir. 2009)(unpublished), *Delaware v. Van Ardsall*, 475 U.S. 673 (1986) (trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such

cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant).

For all of the reasons outlined in Doc. No. 124, references to Trooper Mulkey's unrelated civil litigation should be excluded at trial on the grounds that (1) they are not relevant under Rule 401, (2) the probative value is substantially outweighed by the danger of unfair prejudice under Rule 403, and (3) they are improper under Rule 608(b), since they have no bearing on Trooper Mulkey's character for truthfulness.

## II.     The Magistrate Judge Correctly Limited the Testimony of Mark Roach

At the suppression hearing, Defendant Cole called Mark Roach as a witness to testify about his negative opinion concerning Trooper Mulkey's character. The United States objected to this testimony under Rules 401, 403, and 608. The Magistrate Judge largely sustained the United States' objections and correctly curtailed Mr. Roach's testimony. Mr. Roach was not Trooper Mulkey's supervisor during the events giving rise to the charged offenses, and he had no specific knowledge about Trooper Mulkey's interactions with Defendant Cole. Therefore, Mr. Roach's testimony had very little relevance, and was properly excluded by the Magistrate Judge in accordance with Rules 401, 403, and 608. At the suppression hearing, the United States refrained from cross-examining Mr. Roach on a likely motive for his opinions concerning Trooper Mulkey, which includes Trooper Mulkey refusing to rescind a traffic ticket he issued to one of Mr. Roach's friends.

Under Rule 608(a), Defendant Cole will be able to call Mr. Roach as a witness at trial to testify about his opinion of Trooper Mulkey's character for untruthfulness, or Trooper Mulkey's reputation for having a character for untruthfulness, assuming Defense counsel can lay the proper foundation. After Trooper Mulkey's character has been attacked, the United States will be

permitted under Rule 608 to rehabilitate Trooper Mulkey by calling several witnesses who believe Trooper Mulkey is a truthful person.

## CONCLUSION

The United States respectfully requests this Court to deny Defendant Cole's objections and approve the Magistrate Judge's Report and Recommendation (Doc. No. 133).

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney


s/   MICHAEL E. ROBINSON
MICHAEL ROBINSON
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5144
Michael.Robinson3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants.

Rhyder Jolliff
Barbara Woltz
Brian Deer
James Sicking   Attorneys for Defendant Cole

Dan Medlock   Attorney for Defendant Chesser

s/   Michael E. Robinson
MICHAEL E. ROBINSON
Assistant United States Attorney

5