IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>*Plaintiff*  )<br>  )<br>v.  )<br>  )<br>CRYSTAL FAYE CHESSER,  )<br>*Defendant*  )  | Case No. CR-24-080-RAW |

**DEFENDANT CHESSER'S OPPOSED MOTION
TO RECONSIDER DETENTION ORDER**

Comes now the Defendant, Crystal Faye Chesser, by and through her attorney, Dan Medlock, and respectfully requests the Court to reconsider the detention of Ms. Chesser and requests a hearing thereon pursuant to 18 U.S.C. § 3142. Counsel for Ms. Chesser has discussed this matter with the Government, who oppose the relief sought. As grounds for said request, the Defendant states as follows:

I. **PROCEDURAL HISTORY**

1. On May 15, 2024, Defendant was charged by Sealed Indictment with a single count of Maintaining Drug Involved Premises pursuant to 21 U.S.C. § 856(a)(1) & 18 U.S.C. § 2. (Doc. #2).

2. Defendant was arraigned on May 20, 2024. The Government did not seek detention of Defendant, and Defendant was released on an unsecured bond, subject to conditions. (Doc. #26). The case was set for jury trial on July 2, 2024. (Doc. #20).

3. On May 30, 2024, the Court continued the jury trial from July 2, 2024 to September 3, 2024. (Doc. #42). The trial was continued without opposition from the parties.

4. On July 24, 2024, the Court continued the jury trial from September 3, 2024 to November 5, 2024. (Doc. #47). The trial was continued without opposition from the parties.

5. On September 27, 2024, the Court continued the jury trial from November 5, 2024 to December 3, 2024. (Doc. #58). The trial was continued without opposition from the parties.

6. On October 22, 2024, the Court allowed Defendant Cole's counsel, Robert Seacat, to withdraw. (Doc. #65). The Court appointed Joseph Barrett to represent Mr. Cole. (Doc. #68).

7. On November 12, 2024, the Court continued the jury trial from December 3, 2024 to February 4, 2025. (Doc. #73). The trial was continued without opposition from the parties.

8. On December 18, 2024, the Court continued the jury trial from February 4, 2025 to April 1, 2025. (Doc. #75). The trial was continued without opposition from the parties.

9. On February 7, 2025, the Court allowed Defendant Cole's counsel, Joseph Barrett, to withdraw. (Doc. #79). The Court appointed the Federal Public Defender's Office.

10. On February 25, 2025, the Court continued the jury trial from April 1, 2025 to June 3, 2025. (Doc. #86). The trial was continued without opposition from the parties.

11. On or about February 26, 2025, Ms. Chesser was placed into custody for violating Rule 7(n) of the Conditions of Release by testing positive for a controlled substance.

12. On May 8, 2025, the Court continued the jury trial from June 3, 2025 to July 1, 2025. (Doc. #123). The trial was continued without opposition from the parties.

13. On June 10, 2025, the Court continued the jury trial from July 1, 2025 to August 5, 2025. (Doc. #141). Both the Government and Ms. Chesser opposed this request for continuance.

14. On or about July 11, 2025, the Court allowed the Federal Public Defender's Office to withdraw from representation of Mr. Cole. The Court appointed Michael Noland to represent Mr. Cole. (Doc. #180).

15. On July 21, 2025, the Court continued the jury trial from August 5, 2025 to September 2, 2025. (Doc. #187). Ms. Chesser opposed this request for continuance.

## II.     AUTHORITY & ARGUMENT

Pursuant to 18 U.S.C. § 3142(f)(2), "the hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Mr. Cole's pattern of changing attorneys constitutes new information that was not known at the time of Ms. Chesser's detention order and that materially affects whether conditions of release can reasonably assure Ms. Chesser's appearance and community safety. Under 18 U.S.C. § 3142(f)(2), such new information warrants reopening the detention hearing.

The extensive delays caused by Mr. Cole's conduct were not foreseeable at the time of Ms. Chesser's February 2025 detention. While Ms. Chesser initially did not object to some continuances, the pattern of repeated delays caused by Mr. Cole's conduct has fundamentally altered the nature of Ms. Chesser's detention. What was originally contemplated as a brief pretrial detention pending trial has become an indefinite detention tied to Mr. Cole's litigation strategy. This pattern effectively holds Ms. Chesser hostage to Mr. Cole's dilatory conduct.

While Ms. Chesser acknowledges the Court's legitimate concerns regarding the prior violation of release conditions under 18 U.S.C. § 3148(b), the Court should now assess whether continued detention remains necessary in light of the changed circumstances.

The Court should reassess whether conditions of release can reasonably assure Ms. Chesser's compliance and community safety. Enhanced conditions of release, including electronic monitoring and substance abuse treatment, can address the Court's concerns while preserving Ms. Chesser's liberty interest. Ms. Chesser is agreeable to abide by any enhanced conditions imposed

by the Court, including but not limited to, enhanced drug testing, a residential treatment program, or a third-party custodian.

### III.  CONCLUSION

The Court should reassess whether enhanced conditions of release can reasonably assure Ms. Chesser's compliance and community safety, particularly given that the prolonged detention stems from circumstances beyond Ms. Chesser's control.

Based on the foregoing, the Defendant respectfully requests the Court to set a hearing to address the detention of Ms. Chesser.

                                  Respectfully submitted,

                                  s/ Dan Medlock
                                  Dan Medlock, OBA #20092
                                  Attorney for Defendant Chesser
                                  555 W. Okmulgee
                                  Muskogee, OK 74401
                                  (918) 912-2000 phone
                                  dan@medlocklaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Robinson, Jarrod Leaman, and Olivia Staubus, Assistant United States Attorneys

                                  s/ Dan Medlock
                                  Dan Medlock
                                  Attorney for Defendant Chesser