## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. CR-24-080 RAW** |
| **JASON DALE COLE &,**<br>**CRYSTAL FAYE CHESSER** | |
| **Defendants.** | |

## UNITED STATES OF AMERICA'S REVISED REQUESTED JURY INSTRUCTIONS

Plaintiff, United States of America, by and through United States Attorney Christopher J. Wilson and Assistant United States Attorney Jarrod Leaman, respectfully submits the attached Revised Requested Jury Instructions for the Court's consideration. The United States' submission incorporates its prior submission in Doc. No. 134 except as revised to jury instruction 28 (changing use and carry to possession in furtherance of and further modified from the pattern instruction), and jury instruction 32 (changing use and carry to possession in furtherance of and further modified from the pattern instruction).

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/     *Jarrod Leaman*
JARROD LEAMAN, OBA #22623
Assistant United States Attorney
520 Denison Avenue
Muskogee, Oklahoma 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
Jarrod.Leaman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Michael Noland, Attorney for Defendant Cole
Dan Medlock, Attorney for Defendant Chesser

s/    Jarrod Leaman
      JARROD LEAMAN
      Assistant United States Attorney

## REQUESTED INSTRUCTION No. 28

### Count 4: Possession of a Firearm in Furtherance of a Drug Trafficking Crime

The defendant is charged in count four with a violation of 18 U.S.C. section 924(c)(1)(A)(i) & 924(c)(1)(B)(ii).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:        the defendant committed the crime of possession with Intent to Distribute Methamphetamine, as charged in count one of the Indictment, which is a drug trafficking crime;

Second:       the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;
2. accessibility of the firearm;
3. the type of firearm;
4. whether the firearm is stolen;
5. the status of the possession (legitimate or illegal);
6. whether the firearm is loaded;
7. the time and circumstances under which the firearm is found; and
8. proximity to drugs or drug profits.

The term "machine gun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun be assembled if such parts are in the possession or under the control of a person.

3

## REQUESTED INSTRUCTION No. 32

**Count 9: Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

The defendant is charged in count nine with a violation of 18 U.S.C. section 924(c)(1)(A)(i) & 924(c)(1)(B)(ii).

This law makes it a crime to possess a firearm in furtherance of a drug trafficking crime.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:      the defendant committed the crime of possession with Intent to Distribute Methamphetamine, as charged in count one of the Indictment, which is a drug trafficking crime;

Second:      the defendant possessed a firearm in furtherance of this crime.

The term "firearm" means any weapon which will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;
2. accessibility of the firearm;
3. the type of firearm;
4. whether the firearm is stolen;
5. the status of the possession (legitimate or illegal);
6. whether the firearm is loaded;
7. the time and circumstances under which the firearm is found; and
8. proximity to drugs or drug profits.

A firearm silencer plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's use or carrying of the firearm silencer and the underlying crime but the crime need not be the sole reason the defendant used or carried the firearm silencer.

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | |
| **v.** | **Case No.  24-CR-080-RAW** |
| **JASON DALE COLE &** **CRYSTAL FAYE CHESSER,** | |
| *Defendant.* | |

## UNITED STATES' PROPOSED REVISED VERDICT FORM

Plaintiff, United States of America, by and through United States Attorney Christopher J. Wilson and Special Assistant United States Attorney Olivia Staubus, submits the attached Proposed Revised Verdict Form for the Court's consideration.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/    Olivia Staubus_____
OLIVIA STAUBUS, OK BA #36267
Special Assistant United States Attorney
Attorney for the Plaintiff
520 Denison Avenue
Muskogee, OK 74401

## CERTIFICATE OF SERVICE

I certify that on August 11, 2025, I electronically transmitted the foregoing to the Clerk of the Court and to the following:

| | |
|---|---|
| Michael Noland | Counsel for Defendant Cole |
| Dan Medlock | Counsel for Defendant Chesser |

s/    Olivia Staubus_____
OLIVIA STAUBUS
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        *Plaintiff*,

v.                                                    Case No.  24-CR-080-RAW

JASON DALE COLE &
CRYSTAL FAYE CHESSER,

        *Defendant*.

## REVISED VERDICT FORM

We, the jury, duly empaneled in the above-entitled case, hereby unanimously find the following:

## COUNT ONE

With respect to the charge in Count One of the Superseding Indictment for Possession with Intent to Distribute Methamphetamine, we find Defendant Jason Cole:

        **NOT GUILTY**        **GUILTY**

        _____        _____

If you found Defendant Jason Cole guilty of Count One, please answer the special interrogatory below.  If you found Defendant Jason Cole not guilty of Count One, do not answer the special interrogatory below.

Having found Defendant Jason Cole guilty of Count One, we further find that Defendant Jason Cole possessed with the intent to distribute the following quantity of a mixture and substance containing a detectable amount of methamphetamine:

At least 50 grams or more      _____

Less than 50 grams      _____

## COUNT TWO

With respect to the charge in Count Two of the Superseding Indictment for Possession of a Machine Gun, we find Defendant Jason Cole:

**NOT GUILTY**                    **GUILTY**

_____                 _____

## COUNT THREE

With respect to the charge in Count Three of the Superseding Indictment for Felon in Possession of a Firearm, we find Defendant Jason Cole:

**NOT GUILTY**                    **GUILTY**

_____                 _____

## COUNT FOUR

With respect to the charge in Count Four of the Superseding Indictment for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, we find Defendant Jason Cole:

**NOT GUILTY**                    **GUILTY**

_____                 _____

If you find Defendant Jason Cole guilty of Count Four, please answer the special interrogatory below.  If you found Defendant Jason Cole not guilty of Count Four, do not answer the special interrogatory below.

Having found Defendant Jason Cole guilty of Count Four, we further find that Defendant Jason Cole possessed one (1) Glock, Model 23Gen4, .40-caliber pistol, bearing serial number BKRZ205, that had been modified to shoot more than one (1) round of ammunition, without manual reloading, by a single function of the trigger (a machine gun):

**NO**                    **YES**

_____                 _____

## COUNT FIVE

With respect to the charge in Count Five of the Superseding Indictment for Possession with

Intent to Distribute Methamphetamine, we find Defendant Jason Cole:

**NOT GUILTY**          **GUILTY**

_____          _____

If you found Defendant Jason Cole guilty of Count Five, please answer the special
interrogatory below.  If you found Defendant Jason Cole not guilty of Count Five,
do not answer the special interrogatory below.

Having found Defendant Jason Cole guilty of Count Five, we further find that
Defendant Jason Cole possessed with the intent to distribute the following quantity
of a mixture and substance containing a detectable amount of methamphetamine:

At least 500 grams or more                                    _____

At least 50 grams or more but less than 500 grams            _____

Less than 50 grams                                           _____

## COUNT SIX

With respect to the charge in Count Six of the Superseding Indictment for Possession with

Intent to Distribute Marijuana, we find Defendant Jason Cole:

**NOT GUILTY**          **GUILTY**

_____          _____

## COUNT SEVEN

With respect to the charge in Count Seven of the Superseding Indictment for Felon in Possession of a Firearm, we find Defendant Jason Cole:

**NOT GUILTY**               **GUILTY**

_____               _____

## COUNT EIGHT

With respect to the charge in Count One of the Superseding Indictment for Possession of Unregistered Firearm, we find Defendant Jason Cole:

**NOT GUILTY**               **GUILTY**

_____               _____

## COUNT NINE

With respect to the charge in Count Nine of the Superseding Indictment for Possession of a Firearm in Furtherance of a Drug Trafficking Crime, we find Defendant Jason Cole:

**NOT GUILTY**               **GUILTY**

_____               _____

If you find Defendant Jason Cole guilty of Count Nine, please answer the special interrogatory below. If you found Defendant Jason Cole not guilty of Count Nine, do not answer the special interrogatory below.

Having found Defendant Jason Cole guilty of Count Nine, we further find that Defendant Jason Cole possessed one Nordic Components, Model NC-10, multi-caliber, semi-automatic rifle, bearing serial number N00388 and that such was equipped with a firearm silencer:

**NO**               **YES**

_____               _____

## COUNT TEN

With respect to the charge in Count Ten of the Superseding Indictment for Maintaining Drug Involved Premises, we find Defendant Jason Cole:

**NOT GUILTY**          **GUILTY**

_____          _____

With respect to the charge in Count Ten of the Superseding Indictment for Maintaining Drug Involved Premises, we find Defendant Crystal Chesser:

**NOT GUILTY**          **GUILTY**

_____          _____

DATED, this ___ day of September, 2025.

_____
Foreperson Signature

_____
Foreperson Printed Name